IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD CALHOUN | § | |
| v. | § | CIVIL ACTION NO. 5:22cv10 |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Chad Calhoun, an inmate of the Federal Correctional Institution at Texarkana proceeding *pro se*, filed this civil action seeking injunctive relief under the Freedom of Information Act, 5 U.S.C. §552 *et seq.* The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Complaint**

In his complaint, Plaintiff says that on March 25, 2021, he submitted a request for a telephone call placed on November 19, 2018, through the Inmate Telephone System (known as TRUFONE). Although the Bureau of Prisons acknowledged receipt of this request and assigned it a reference number, Plaintiff contends that the Bureau is unlawfully withholding the records, and has not communicated the need for extra time based on unusual circumstances. Plaintiff asks that the Court order the Defendants to disclose the requested records and make copies available to him in electronic format or a certified transcript of the call.

**II. The Defendants' Motion for Summary Judgment**

The Defendants have filed a motion for summary judgment saying that the Bureau received Plaintiff's request on April 8, 2021, and responded on April 29, 2021, notifying him that a request number had been assigned and the time to respond was being extended by ten days. A request

worksheet was completed indicating that the records would be with the Trust Fund Division and a ticket was sent to that division to investigate the request; however, the investigation revealed that the record of the phone call no longer existed.

The Defendants attached as summary judgment evidence an affidavit from FCI-Texarkana case management coordinator Christopher Butler, copies of the correspondence from Plaintiff and the responses, the FOIA request worksheet and ticket, and the completed request worksheet which concluded that access only existed for phone calls made in the last 180 days.

The summary judgment evidence shows that upon searching for the records of the call, the Bureau determined that the records of a telephone call placed in 2018, some two and a half years prior to the request, no longer existed because the TRUFONE system used by the Bureau automatically deleted phone calls over 180 days old. *See also Barouch v. U.S. Department of Justice*, 962 F.Supp.3d 30 (D.D.C. 2013) (citing affidavit from South Central Regional Counsel of the Federal Bureau of Prisons stating that recorded telephone conversations are maintained on the TRUFONE system for 180 days, after which they are automatically deleted).

Plaintiff did not file a response to the motion for summary judgment; accordingly, the district court may accept as undisputed the facts listed in support of the Defendants' motion. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445, 1996 U.S. App. LEXIS 25217, 1996 WL 512288 (5th Cir., August 30, 1996).

**III. Discussion**

The Freedom of Information Act was conceived to "permit access to official information long shielded unnecessarily from public view and [to] create a judicially enforceable public right to secure such information from possibly unwilling official hands." S. Rep. No. 813, 89th Cong., 1st. Sess., p. 3 (1965) (cited in *Department of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). In order to prevail at the summary judgment phase in a typical Freedom of Information Act case, the agency must show that it has made a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested, and that

materials which are withheld fall under a statutory or other exemption. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C.Cir. 1990). The Defendants must show that the search was reasonably calculated to uncover all relevant documents, not that the search was perfect. *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C.Cir. 1999); *McQueen v. United States*, 264 F.Supp.2d 502, 526-27 (S.D.Tex. 2003). In demonstrating the adequacy of the search, the agency may rely on reasonably detailed, non-conclusory affidavits submitted in good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents. *See Weisberg v. U.S. Department of Justice*, 745 F.2d 1485 (D.C.Cir. 1984); *Safecard Services Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C.Cir. 1991).

In the present case, the Defendants have offered an unrebutted affidavit from case management coordinator Christopher Butler attesting that the Bureau of Prisons searched the TRUFONE system and field officers, and asked the Special Investigative Supervisor if the records had been pulled from the TRUFONE system and kept. However, all of these searches revealed that the requested record was deleted after 180 days and was not preserved. This affidavit is sufficient to show that the Bureau of Prisons made a good faith effort to search for the record; however, the record of the phone call no longer existed because it was automatically deleted after 180 days.

An agency cannot produce a document which no longer exists. *Canning v. U.S. Department of Defense*, 499 F.Supp.2d 14, 24 (D.D.C. 2007); *McQueen v. United States*, 179 F.R.D. 522,528 (S.D.Tex. 1998). Because the Defendants have met their burden of showing that a good faith effort was made to search for the record sought by Plaintiff, but that such record no longer exists because it was automatically deleted by the telephone system after 180 days had passed, the Defendants are entitled to summary judgment.

## IV. Conclusion

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Burleson v. Texas Department of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004).  If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id., citing Allen v. Rapides Parish School Board*, 204 F.3d 619, 621 (5th Cir. 2000). There is no genuine issue for trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *Prison Legal News v. Livingston*, 683 F.3d 201, 211 (5th Cir. 2012).

A review of the pleadings and summary judgment evidence in this case shows that there are no disputed issues of material fact and the Defendants are entitled to judgment as a matter of law. Consequently, the Defendants' motion for summary judgment should be granted.

<u>RECOMMENDATION</u>

It is accordingly recommended that the Defendants' motion for summary judgment (Dkt. No. 4) be granted and the above-styled civil action dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 18th day of October, 2022.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE